### WALSH v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. October 28, 1909.)

#### No. 1,469.

BAIL (§ 44*)—CRIMINAL PROSECUTIONS—RIGHT TO RELEASE ON BAIL PENDING REHEARING IN APPELLATE COURT.

A defendant convicted of a criminal offense, and whose conviction has been affirmed by the Circuit Court of Appeals while he was at large on bail, will not be remanded to custody pending a motion for rehearing unless some unusual reason is shown why he is not likely to remain within the jurisdiction.

[Ed. Note.—For other cases, see Bail, Dec. Dig. § 44.*]

John R. Walsh was convicted of a criminal offense, and his conviction was affirmed by the Circuit Court of Appeals. Pending a petition for rehearing, a petition was filed by the United States for a rule requiring him to appear in person to show cause why his bail should not be set aside and he be remanded to the custody of the marshal. Petition denied.

John S. Miller, Edward C. Ritsher, Merritt Starr, and Louis E. Hart, for plaintiff in error.

Edwin W. Sims, U. S. Atty.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

PER CURIAM. Nothing is brought to our attention in the petition that shows any greater likelihood that the plaintiff in error will not remain in the jurisdiction of the court, to answer to the final order of the court, than ordinarily exists in criminal cases at this stage of the procedure. To sustain therefore the prayer of this petition would be to say that no convicted man, whose conviction has been affirmed, shall be allowed to be out on bail pending a petition for rehearing, or an application to the Supreme Court for writ of certiorari. This is

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not the attitude that Courts of Appeal ought to take toward parties whose appeals have not been finally passed upon.

The petition is denied.

This action does not, however, preclude the government from keeping plaintiff in error under such surveillance as it may deem proper; nor for asking for increased bail; nor from renewing this motion in case plaintiff in error does not remain continually in the Northern district of Illinois.